UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO G. GUANTES,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>   Defendant. | Case No. CV 12-1536 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Arturo G. Guantes ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly consider evidence of Plaintiff's headaches, which the ALJ deemed a severe impairment. (Joint Stip. at 19-21; Administrative Record ("AR") at 19.) The Court agrees with Plaintiff for the reasons stated below.

  A.  The ALJ Failed to Properly Consider Evidence of Plaintiff's Headaches

"If an ALJ finds a severe impairment at step two, that impairment must be

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

considered in the remaining steps of the sequential analysis." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *see* 20 C.F.R. §§ 404.1523, 416.923. Specifically, when the ALJ determines a claimant's residual functional capacity ("RFC") between steps three and four, the ALJ shall consider the combined impact of a claimant's medically cognizable impairments on the claimant's ability to work. *See* 20 C.F.R. § 416.923; *see also Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Likewise, when an ALJ poses hypothetical questions to a vocational expert ("VE") in order to reach a step five determination, they must "set out all the limitations and restrictions of the particular claimant." *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991), *abrogated on other grounds by Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). If an ALJ's hypothetical does not address all of the claimant's impairments, "the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991); *see also Bray*, 554 F.3d at 1228.

Here, the ALJ explicitly determined that Plaintiff's headaches constituted a severe impairment at step two. (AR at 19.) Nevertheless, the ALJ failed to account for their manifestations in the remaining steps of his sequential analysis. (*Id.* at 19-24.) First, the ALJ omitted Plaintiff's headache symptoms from his RFC determination without explanation or explicit rejection. (*Id.* at 19-22.) Next, the ALJ excluded the impairment from his hypothetical to the VE at Plaintiff's hearing, and consequently, in his step five conclusion. (*Id.* at 22-24.) The ALJ's failure to address Plaintiff's headaches in his RFC and step five determinations amounts to reversible error.

### B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603-04 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 593, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 593-94.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall consider the evidence of Plaintiff's headaches and shall explicitly explain why the evidence related to this severe impairment is to be credited or rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: October 1, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 3-6, 9-12, 15-18, 22-23.)

3